IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC, as Broadcast Licensee of the May 7, 2016 Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| 1) DA-VI, CORPORATION individually, and d/b/a COWBOY TOUCH SPORTS SALOON AND GRILL and d/b/a COWBOY TOUCH; and 2) ANGELA KAO CHEN, individually, and d/b/a COWBOY TOUCH SPORTS SALOON AND GRILL and d/b/a COWBOY TOUCH, | § § § § § § § | Civil Action No. 3:19-cv-00126 |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff J&J Sports Productions, Inc., ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants 1) Da-Vi Corporation, individually, and d/b/a Cowboy Touch Sports Saloon and Grill and d/b/a Cowboy Touch ("Da-Vi"); and 2) Angela Kao Chen, individually, and d/b/a Cowboy Touch Sports Saloon and Grill and d/b/a Cowboy Touch ("Chen") (collectively "Defendants").

### PARTIES

1.     Plaintiff.  J&J Sports Productions, Inc., as Broadcast Licensee of the May 7, 2016 Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program, is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2.      <u>Defendant Da-Vi.</u> Da-Vi Corporation is a Texas corporation doing business as

Cowboy Touch Sports Saloon and Grill also known as Cowboy Touch and having its principal

mailing address at P.O. Box 370074, El Paso, Texas 79937. On the date of the Event (as defined

herein), Defendant Da-Vi:

A.      held the license/permit issued by the Texas Alcoholic Beverage
Commission for the commercial establishment named Cowboy Touch
Sports Saloon and Grill also known as Cowboy Touch and located at 1700
N. Zaragoza Road, El Paso, Texas 79936 ("Establishment");

B.      owned and/or operated the Establishment;

C.      had a right and ability to supervise the activities of the Establishment; and

D.      had an obvious and direct financial interest in the activities of the
Establishment.

Defendant Da-Vi Corporation may be served by delivering the *Summons* and a copy of

*Plaintiff's Original Complaint* to its registered agent for service of process, Angela Kao Chen, at

2029 Greenlee Drive, El Paso, Texas 79936.

3.      <u>Defendant Chen.</u> Angela Kao Chen is an individual residing in the State of Texas.

On the date of the Event (as defined herein), Defendant Chen:

A.      held the license/permit issued by the Texas Alcoholic Beverage
Commission for the Establishment;

B.      was an owner and/or manager of the Establishment;

C.      was an officer and/or owner of the entity owning the Establishment;

D.      had a right and ability to supervise the activities of the Establishment; and

E.      had an obvious and direct financial interest in the activities of the
Establishment.

Defendant Chen may be served by delivering the *Summons* and a copy of *Plaintiff's Original

Complaint* to Defendant Chen at 2029 Greenlee Drive, El Paso, Texas 79936.

STATEMENT OF JURISDICTION

4.      This action arises under the Communications Act of 1934, as amended, 47 U.S.C.

§§ 553 or 605 in Texas.

VENUE

5.      Venue is proper in this District because Defendants reside in this District and a

substantial part of the events giving rise to the claim occurred in this District.

STATEMENT OF THE CLAIM

6.      Authorization to License Event.  Plaintiff is the license company that was

exclusively authorized to sub-license the closed-circuit telecast of the May 7, 2016 Saul Alvarez

v. Amir Khan WBC World Middleweight Championship Fight Program, including all of the

undercard or preliminary bouts (collectively the "Event"), at closed-circuit locations such as

theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

7.      The closed-circuit broadcast of the Event was not intended for the use of the

general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a

commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

8.      Pursuant to its authority to sub-license the Event, Plaintiff marketed and

distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with

various establishments throughout Texas and granted such establishments the right to broadcast

the Event in exchange for a fee.

9.      Exhibition of the Event.  The transmission of the Event originated via satellite and

was electronically coded or "scrambled."  In order for the signal to be received and telecast

clearly, it had to be decoded with electronic decoding equipment.

10.     The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment. Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

11.     The establishments that contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

12.     On May 7, 2016, either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Event. In the alternative, Defendants assisted in the receipt of the interstate communication of the Event. Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

13.     Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

14.     Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

15.     The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

16.     Defendants were not authorized to intercept, receive or transmit the

communication of the Event or to assist in such actions in any form or at any time.

<u>VIOLATION OF 47 U.S.C. § 553 OR § 605</u>

17.     Defendants' wrongful actions in connection with the Event, as described above,

violate 47 U.S.C. Section 605, or Section 553.

<u>DEMAND FOR RELIEF SOUGHT</u>

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of

Plaintiff and against Defendants, jointly and severally, for:

(a)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d)     Statutory damages for willfulness in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e)     Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f)     Pre and post-judgment interest at the highest rate permitted by law; and

(g)     Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: _____
       David M. Diaz
       State Bar No. 24012528
       david@diazlawtx.com
       Attorney-in-charge

LAW OFFICES OF DAVID DIAZ, PLLC
825 Watters Creek Blvd.
Building M, Suite 250
Allen, Texas 75013
(972) 996-4588 – Telephone

ATTORNEYS FOR PLAINTIFF