# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

**J&J SPORTS PRODUCTIONS, INC.,** *as*
*Broadcast Licensee of the May 7, 2016*
*Alvarez v. Khan Fight Program*,

§
§
§
§

        *Plaintiff*,

§

**v.**

§
§

**DA-VI CORPORATION,** *individually,* and
*d/b/a* COWBOY TOUCH SPORTS
SALOON AND GRILL, and *d/b/a*
COWBOY TOUCH, **and ANGELA KAO**
**CHEN,** *individually,* and *d/b/a* COWBOY
TOUCH SPORTS SALOON AND GRILL*,*
and *d/b/a* COWBOY TOUCH**,**

§
§
§
§
§
§
§
§

        *Defendants*.

§
§

**EP-19-CV-00126-DCG**

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff J&J Sports Productions, Inc.'s "Motion for Summary Judgment and Brief in Support" (ECF No. 18).  Therein, Plaintiff requests the Court to enter judgment in its favor on its claim brought under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605.  Defendants Da-Vi Corporation, Inc., individually, and d/b/a Cowboy Touch Sports Saloon And Grill, and d/b/a Cowboy Touch, and Angela Kao Chen, individually, and d/b/a Cowboy Touch Sports Saloon And Grill, and d/b/a Cowboy Touch, (collectively, Defendants) failed to file a response to the motion and further, in response to this Court's order to show cause, state that they do not oppose the motion.  For the reasons that follow, the Court GRANTS Plaintiff's motion.

## I.   BACKGROUND

Plaintiff is in the business of marketing and licensing commercial exhibitions of pay-per-view closed-circuit prizefight events.  It purchased and owned the exclusive proprietary right to exhibit, and sublicense the right to exhibit, the telecast of the May 7, 2016 *Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program* (the "Event") at commercial closed circuit television exhibition outlets such as bars, clubs, lounges, restaurants, and the like.  Riley Aff. at ¶ 4 (attached as Ex. A to the motion), ECF No. 18-1; License Agreement (attached as Ex. A-1 to the motion), ECF No. 18-1.

On May 7, 2016, Da-Vi Corporation owned Cowboy Touch Sports Saloon and Grill, also known as Cowboy Touch, located at 1700 N. Zaragoza Road, El Paso, Texas 79936 ("Establishment"), and Chen, an officer of Da-Vi, was an owner and manager of the Establishment.  Mot. for Summ. J., Ex. C, at Nos. 47–48; *id.*, Ex. D, at Nos. 7.  On the fight night, the transmission of the Event originated via satellite, and Defendants, without Plaintiff's authorization, intercepted and received the transmission and exhibited the Event to the patrons at the Establishment.  Riley Aff. ¶¶ 6, 8; Mot. for Summ. J., Ex. C, at Nos. 7, 8, 42, 44; *id.*, Ex. D, at Nos. 8, 9, 40, 43.

On May 6, 2019, Plaintiff brought this lawsuit against Defendants asserting claims for violations of the Federal Communications Act brought pursuant to 47 U.S.C. § 553 and § 605. In September 2019, Defendants, by and through their counsel, filed an answer, summarily denying each and every allegations in Plaintiff's Complaint.  Ans. ¶ 1, ECF No. 10.  In October 2019, the Court issued a Scheduling Order (ECF No. 15), according to which the deadline for dispositive motions is May 15, 2020.  The case is set for a bench trial in September 2020.  On

March 3, 2020, Plaintiff filed the instant motion, seeking judgment in its favor on its claim under §605(a).  Defendants did not file a response.

## II.  STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' if and only if proof of its existence might affect the outcome of the case," *Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020), and "[a] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party," *Texas v. United States*, 945 F.3d 355, 374 (5th Cir. 2019).

In deciding whether a genuine dispute as to material fact exists, a trial court considers all of the evidence in the record and "draw[s] all reasonable inferences in favor of the nonmoving party."  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quotation omitted).  It refrains from "making credibility determinations" and "weighing the evidence."  *Id*. Nonetheless, in a non-jury case, such as this one, "a district court has somewhat greater discretion to consider what weight it will accord the evidence."  *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010) (quotation omitted).  "Therefore, the district court may properly draw inferences without resorting to a trial, so long as those inferences do not involve witness credibility or disputed material facts."  *Regan v. Starcraft Marine*, 418 F. App'x 310, 312 (5th Cir. 2011) (citing *In re Placid Oil Co*., 932 F.2d 394, 398 (5th Cir. 1991)); *see also In re Placid Oil Co*., 932 F.2d at 398 ("If a trial on the merits will not enhance the court's ability to draw inferences and conclusions, then a district judge properly should 'draw his inferences without resort to the expense of trial.'" (quoting *Nunez v. Superior Oil Co*., 572 F.2d 1119, 1124 (5th Cir. 1978))).

Procedurally, the party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *EEOC v. LHC Grp.*, 773 F.3d 688, 694 (5th Cir. 2014) (alterations and quotation omitted).  If it succeeds, "the onus shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 694 (quotation omitted).

## III.   DISCUSSION

### A.  Preliminary Procedural Matters

Before addressing the merits of Plaintiff's motion, the Court addresses two procedural matters.  The first concerns Defendant's failure to file a response to the motion.  After Defendants failed to do so within the deadline prescribed under the local rules, the Court, on April 6, 2020, ordered Defendants to show cause why Plaintiff's motion should not be granted as unopposed.[1]  In response, Defendants state that they do not oppose the motion.  Defs.'s Resp. to Order to Show Cause at 2, ECF No. 21.  A district court however "may not grant a motion for summary judgment merely because it is unopposed."  *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010).  "The moving party has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless whether any response is filed."  *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012).  Here, in addition to not filing a response and declaring that they do not oppose the instant motion, Defendants state that they "cannot in good faith present facts, law, or evidence to this Court in response to Plaintiff's [m]otion . . . that would raise any issue of material fact."

---

[1] *See* W.D. Tex. Local Rule CV-7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion. . . . If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

Defs.' Resp. to Order to Show Cause at 2, ECF No. 21.  Defendants thus appears to concede

liability, at minimum.  Be that as it may, below, the Court addresses whether Plaintiff has met its

burden on the motion, keeping in mind that the Court has somewhat greater latitude in deciding

the motion because this is a non-jury case.  *See Johnson*, 597 F.3d at 676, *supra*; *Regan*, 418 F.

App'x at 312, *supra*.

Second, in support of its motion, Plaintiff relies on, among other documentary evidence,

its requests for admission that it served pursuant to Federal Rule of Civil Procedure 36, but

received no response or objections thereto from Defendants.  These requests are deemed

admitted by Defendants, by default, and are competent summary judgement evidence.  *See* Fed.

R. Civ. P. 36(a)(3); *id.* 36(b); *id.* 56(c) (providing that on motion for summary judgment, the

assertion that a fact cannot be genuinely disputed may be established by "admissions"); *see also*

*Chatman v. Wichita Falls Police Dep't*, 136 F.3d 137 (5th Cir. 1998) ("Admissions made under

Rule 36, even default admissions, can serve as the factual predicate for summary judgment.").

**B.  Liability under the Federal Communications Act**

Here, Plaintiff argues that Defendants violated the Act because they illegally intercepted

the closed-circuit telecast of the Event and exhibited, without Plaintiff's authorization, the Event

in their Establishment, a commercial closed-circuit outlet.  Mot. for Summ. J. at 1–2.  The Act

provides, in relevant part:

> No person not being authorized by the sender shall intercept any radio
> communication and . . . publish the existence, contents, substance, purport, effect,
> or meaning of such intercepted communication to any person.  No person not
> being entitled thereto shall receive . . . any interstate or foreign communication by
> radio and use such communication . . . for his own benefit . . . .

47 U.S.C. § 605(a).  The Act creates a private right of action for "[a]ny person aggrieved

by any violation of [47 U.S.C. § 605(a)]."  *Id.* § 605(e)(3)(A).  The term "any person

aggrieved" includes "any person with proprietary rights in the intercepted communication by wire or radio." *Id.* §605(d)(4).

Plaintiff points out that it had the exclusive proprietary right to exhibit, and sublicense the right to exhibit, the telecast of the Event at commercial establishments such as Cowboy Touch. Riley Aff. at ¶ 4; License Agreement.  The Event was legally available to commercial establishments for a commercial sublicense fee and only through an agreement with Plaintiff. Riley Aff. at ¶¶ 5, 7; *see also* Rate Card (attached as Ex. A-3 to the motion), ECF No. 18-1. Defendants did not pay the required sublicense fee and did not receive Plaintiff's authorization to broadcast the Event.  Riley Aff. at ¶ 8.

Moreover, the transmission of the Event originated via satellite and was electronically coded or scrambled to guard against unauthorized interception or receipt thereof.  Riley Aff. ¶ 6. Defendants admit, by default, that they intercepted the transmission.  Mot. for Summ. J., Ex. C, at No. 7; *id.*, Ex. D, at No. 8.[2]  According to Plaintiff's auditor, who visited the Establishment on the fight night, the Event, as broadcasted an HBO pay-per-view channel, was streamed from a website[3] and displayed on four 36-inch televisions inside the Establishment; at the time, the Establishment had 15-18 people.  Valle Aff. (attached as Ex. A-2 to the motion), ECF No. 18-1. Defendants admit that on the fight night, they received the Event by using a satellite access card programmed to receive satellite service[4] without proper authorization and by diverting a video

---

[2] *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.").

[3] The auditor states that the name of the website, Zanasports.bc, was clearly visible on the televisions; it appears however that a website so named no longer exists.

[4] Plaintiff's First Set of Requests for Admission defines "satellite service" as encompassing "all . . . services received via satellite."  Mot. for Summ. J., Ex. C, Definition (h).  It may be reasonably inferred that such services include the provision of access to the Internet over satellite connection.  *See J & J*

streaming platform or hosting service into the Establishment.  Mot. for Summ. J., Ex. C, at ¶¶ 42, 44; *id.*, Ex. D, at ¶¶ 40, 43.

Plaintiff has carried its burden to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact as to its claim under § 605(a).  *See G&G Closed Circuit Events LLC v. Alexander*, No. CV-18-02886-PHX-MTL, 2020 WL 1904628, at *2 (D. Ariz. Apr. 17, 2020) (For purposes of § 605(a), "[i]t does not matter that [d]efendants obtained the programming by pulling it from an internet source rather than by, for example manipulating hardware or using a counterfeit access card."); *but see Joe Hand Promotions, Inc. v. Cusi*, No. 3:13-CV-935-MMA-BLM, 2014 WL 1921760, at *3 n.1 (S.D. Cal. May 14, 2014) ("The Court is generally [s]keptical that feeds received over the internet from a *third party* violate Sections 553 or 605.").  Defendants, on the other hand, have failed to meet their burden because they failed to file any response to Plaintiff's motion.  Consequently, the Court concludes that Plaintiff is entitled to summary judgment on its claim under § 605(a).

## C. Remedies

The remedies and penalties for the violations of § 605(a) include actual or statutory damages, at the plaintiff's election; enhanced damages; and full costs, including attorneys' fees. 47 U.S.C. § 605(e).

### 1. *Statutory Compensatory Damages*

Plaintiff elects to receive statutory damages in the amount of $10,000—the maximum amount recoverable under 47 U.S.C. § 605(e)(3)(C)(i)(II).  Mot. for Summ. J. at 12.  That sub-

---

*Sports Prods., Inc. v. Patel*, 364 F. Supp. 3d 1368, 1372 (S.D. Ga. 2018) ("[T]here are numerous ways to transmit data over the internet, such as by cable modem service using cable lines, . . . terrestrial-based wireless networks, and satellite-based wireless networks." (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 975 (2005))).  It is therefore reasonable to conclude that Defendants received the stream of the Event's telecast over satellite connection.  *Cf. J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014) ("[Section] 605 does not encompass . . . the receipt or interception of communications by wire from a cable system.").

section provides, in pertinent part, that "the party aggrieved may recover an award of statutory damages for each violation of [§ 605(a)] involved in the action in a sum of not less than $1,000 or more than $10,000, *as the court considers just*."  § 605(e)(3)(C)(i)(II) (emphasis added). Thus, the amount of damages to be awarded is within the sound discretion of the trial court, so long as the award falls within the prescribed range.

Courts generally determine the amount of the compensatory award based on the sub-licensing fees that a defendant would have paid to the plaintiff in an arms-length business transaction.  Typically, as here, the fee amount is, in turn, based on the seating capacity of the defendant's establishment.  *See* Rate Card; *see also, e.g.*, *J&J Sports Prods., Inc. v. Patino*, No. EP-16-CV-00412-DCG, 2017 WL 2297029, at *3 (W.D. Tex. May 24, 2017) (awarding statutory damages based on the maximum seating capacity).  Here, the capacity of the Establishment is approximately 75 people.  Valle Aff. at 2.  Plaintiff's scheduled licensing fees for the Event for venues which seat between 1 and 100 is $2,200.  *See* Rate Card.

Moreover, as our sister courts have observed, "[t]he deterrence of future violations . . . is one of the objectives of the statute, as evidenced by the minimum award of $1,000," and "[t]here would be no incentive to cease the violation if the penalty were merely the amount that should have been paid."  *Entm't by J&J Inc.* v. *Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002).  Consequently, courts typically increase the award based on licensing fee to "account[] for . . . any profits made from food and drink sales associated with customers who stayed and watched the fight."  *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008) [hereinafter, *Garcia I*].  The record indicates that the Establishment serves alcoholic beverages, and it had 15 to 19 patrons, at the time of the Event's broadcast.  Valle Aff.

at 1–2; Mot. for Summ. J., Ex. C, at No. 49.  Accordingly, the Court considers it just to award in total **$3,200** as statutory compensatory damages under § 605(e)(3)(C)(i)(II).

## 2.  *Statutory Enhanced Damages*

Plaintiff seeks additional $50,000 in damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).  Mot. for Summ. J. at 20.  That sub-section provides, in relevant part, that if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court *in its discretion* may increase the award of damages. . . by an amount of not more than $100,000 for each violation."  47 U.S.C. § 605(e)(3)(C)(ii) (emphasis added).  Again, by its plain language, the statute gives a court discretion to enhance the damages award.

Here, the record shows that the original transmission of the Event was electronically coded or scrambled.  Riley Aff. ¶ 6.  Defendants admit, by default, that they employed some means to intercept or receive the Event other than paying Plaintiff for the right to receive and broadcast the Event.  Mot. for Summ. J., Ex. C, No. 45.  The Court concludes that Defendants acted willfully.  *See J & J Sports Prods., Inc. v. Enola Invs., L.L.C.*, 795 F. App'x 313, 314 (5th Cir. 2020) ("A bar does not mistakenly intercept and broadcast a transmission when it needs decoding or descrambling equipment to do so.").

Moreover, Plaintiff's evidence supports a showing that Defendants' actions were for purposes of direct or indirect commercial advantage.  The Establishment exhibited the Event on multiple televisions and advertised the Event on a poster thereat.  Valle Aff. at 1. *cf. J & J Sports Prods., Inc. v. Garcia*, No. H-08-1675, 2009 WL 2567891, at *4 (S.D. Tex. Aug. 14, 2009) ("Defendant openly advertised the [e]vent on a marquee outside its establishment which serves as evidence that the [e]vent was shown for the purpose of commercial advantage or private

financial gains."). Further, the Establishment sold alcoholic drinks during the exhibition of the Event. *See* Valle Aff. at 1; *cf.*, *e.g.*, *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 756 (S.D. Tex. 2014) (In determining the amount of an award for enhanced damages, "courts have considered such factors as . . . the food and beverages it sold to customers."); *Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *6 (S.D. Tex. July 27, 2012) ("It is the [c]ourt's view that the defendant profited . . . by selling food and beverages to the patrons who expected and did view the broadcast." (citation omitted)).

Nevertheless, the Court finds that Plaintiff's requested amount of enhanced damages ($50,0000) is excessive. The Court is mindful that the purpose of these enhanced damages is to discourage would-be pirates, including Defendants from engaging in piracy in the future—but not to drive Defendants out of business. *Cf. Garcia I*, 546 F. Supp. 2d at 386 ("Defendant is not a major chain, and while this violation deserves to be punished, it should not be done in a manner than imposes an insurmountable financial burden."). Accordingly, the Court awards Plaintiff an additional **$5,000** in statutory enhanced damages, finding the sum to be reasonable in light of Defendants' conduct. *See Garden City Boxing Club, Inc. v. Zavala*, No. C 07-5925 MMC, 2008 WL 3875272, at *1 (N.D. Cal. Aug. 18, 2008) ("To deter future willful violations, enhancement damages in the amount of $5000 will be awarded.").

### 3.   *Attorneys' Fees, Costs, and Post-Judgment Interest*

The Federal Communications Act provides that the court "*shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added). Plaintiff seeks an award of attorneys' fees in the amount of one-third of its recovery, or in the alternative, based on the hourly time spent for prosecution of this case through the final. Mot. for Summ. J. at 20. In support, Plaintiff's

counsel, David Diaz, states, in a sworn affidavit, that he expended (or will expend) a total of 12 hours[5] on this case and that the rate of $300.00 per hour is reasonable given his experience and the type of litigation involved in this case.  Diaz Aff. ¶ 9, ECF No. 18-1.

Generally, before this Court, plaintiff attorneys have reported expending about 4 hours in prosecuting a § 605(a) case that case was decided on a motion for default judgment.  *See, e.g., J&J Sports Prods., Inc. v. Lava Entm't Grp. LLC*, No. EP-16-CV-00294-DCG, 2017 WL 8131571, at *5 (W.D. Tex. July 24, 2017) (violation involved broadcast of a single fight event; counsel expended 4 hours); *Patino*, 2017 WL 2297029, at *5 (same); *cf.* Mem. Op. & Order at 11, *Joe Hand Promotions, Inc. v. Sabanero*, No. EP-18-CV-256-DCG (W.D. Tex. Mar. 19, 2019) (violation involved broadcast of two fight events; counsel expended 5.6 hours).  In the Court's view, excluding the hours worked in conducting scheduling conference and written discoveries (which mostly appear to be unilateral due to Defendants' non-response)—the reasonable total hours expended in this case up to the motion for summary judgment, which is unopposed, should not differ by much from those expended in prosecuting a § 605(a) case up to a motion for default judgment.  The Court finds that 7 hours were reasonably expended in prosecuting this case.  It further finds that the reasonable hourly rate for Mr. Diaz is $250.  *See Enola Invs., L.L.C.*, 795 Fed. Appx. at 315 (a rate of $250/hour is reasonable).

The Court therefore concludes that **$1,750.00** is a fair and reasonable fee award in this case.  *See Gurule v. Land Guardian, Inc*., 912 F.3d 252, 257 (5th Cir. 2018) ("Courts calculate a 'lodestar' by multiplying the hours reasonably spent on the case by an appropriate hourly rate.");

---

[5] The Court notes that counsel did not submit any document itemizing the hours actually expended on each activity as required under this District's local rules.  *See* W.D. Tex. Local Rule CV-7(j) ("The [fee] motion shall include a supporting document organized chronologically by activity . . . , listing attorney name, date, and hours expended on the particular activity . . . ."); *see also Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) ("The party seeking attorneys' fees must present adequately documented time records to the court.").

*Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016) ("There is a strong presumption of the reasonableness of the lodestar amount.  But the district court may increase or decrease the lodestar amount based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." (alternation, quotation, and citation omitted)).

The Court further awards Plaintiff its costs.  *See* Fed. R. Civ. P. 54 ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party.").  Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a).  Further, the Court awards post-judgment interest, which shall be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Such interest shall be computed and compounded as provided in 28 U.S.C. § 1961(b).

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's "Motion for Summary Judgment and Brief in Support"  (ECF No. 18) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **DENIED** as to Plaintiff's requests for the specific amount of award and other relief not specifically addressed in this Memorandum Opinion and order.  The motion is **GRANTED** in all other respects.

**IT IS THEREFORE ORDERED** that Defendants **SHALL JOINTLY AND SEVERALLY PAY** Plaintiff:

a. **$3,200** in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

b. **$5,000** in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

c. **$1,750** in reasonable attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

**IN TOTAL**, the Court **GRANTS** summary judgment in favor of Plaintiff and against Defendants **in the amount of $9,950 plus costs.** Plaintiff may file a proposed bill of costs in accordance with this District's Local Court Rule CV-54(a) within **14 days** of the entry of Final Judgment.

**IT IS FURTHER ORDERED** that Defendants **SHALL PAY** post-judgment interest at the rate of **0.17%**, until paid in full, to be compounded annually pursuant to the provisions of 28 U.S.C. § 1961(b).

**IT IS FINALLY ORDERED** that the District Clerk **SHALL CLOSE** this case after docketing Final Judgment to be issued separately on this day.

So ORDERED and SIGNED this  **29th**  day of April 2020.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**